IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEXAS IRON WORKERS' PENSION TRUST FUND, TRUSTEES OF THE TEXAS IRON WORKERS' HEALTH BENEFIT TRUST FUND, TRUSTEES OF THE TEXAS IRON WORKERS' DEFINED CONTRIBUTION RETIREMENT PLAN, TRUSTEES OF THE TEXAS IRON WORKERS' VACATION FUND, AND TRUSTEES OF THE TEXAS IRON WORKERS AND EMPLOYERS APPRENTICESHIP TRAINING AND JOURNEYMAN UPGRADING FUND, | § § § § § § § § § § § § | |
| Plaintiffs | § § § | |
| VS. | § § | CIVIL ACTION NO. |
| JAMES E. VAN METER, JR., INDIVIDUALLY AND D/B/A VALENTINE STEEL SERVICES, INC. AND VALENTINE STEEL SERVICES, INC., | § § § § § | |
| Defendants | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, The Trustees of the Texas Iron Workers' Pension Trust Fund, the Trustees of the Texas Iron Workers' Health Benefit Trust Fund, the Trustees of the Texas Iron Workers' Defined Contribution Retirement Plan, the Trustees of the Texas Iron Workers' Vacation Fund, and the Trustees of the Texas Iron Workers and Employers Apprenticeship Training and Journeyman Upgrading Fund, hereinafter referred to collectively as "Plaintiffs," or "Trust Funds," complaining of and against James E. Van Meter, Jr., Individually and d/b/a Valentine Steel Services, Inc. and

Valentine Steel Services, Inc., hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION

1.      This is a cause of action for the collection of certain principal sums, interest and fees, by Trustees of an employee pension benefit plan and an employee welfare benefit plan to secure performance by an employer for specific statutory and contractual obligations to submit contribution reports and to pay delinquent employer contribution payments, interest and fees thereon. This Complaint alleges that by failing, refusing or neglecting to submit contribution reports and to pay delinquent employer contributions and interest thereon to the Plaintiffs' Funds, Defendants violated a Collective Bargaining Agreement, the Funds' Participation and Trust Agreements, and the Employee Retirement Income Security Act of 1974, as amended. Plaintiffs, Trustees of the Texas Iron Workers' Health Benefit Trust Fund, Trustees of the Texas Iron Workers' Pension Trust Fund, Trustees of the Texas Iron Workers' Defined Contribution Retirement Plan, Trustees of the Texas Iron Workers' Vacation Fund, and the Trustees of the Texas Iron Workers and Employers Apprenticeship Training and Journeyman Upgrading Fund also request a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to require Defendants forthwith to submit delinquent employer contribution reports and to pay delinquent employer contributions to the Health Benefit Trust Fund and Pension Trust Funds in order to prevent irreparable harm to the Funds and Defendants' employees and their dependents under the terms of a Collective Bargaining Agreement as contemplated by Section 301 (29 U.S.C. Section 185) of the Labor Management Relations Act (29 U.S.C. Section 141, *et seq*.), hereinafter called the "LMRA".

2

## JURISDICTION

2.      Jurisdiction lies in this Court by the express terms of Section 301(a), LMRA as against an employer engaged in an industry affecting commerce and pursuant to Sections 404, 502 and 515 of the Employee Retirement Income Security Act (ERISA) [29 U.S.C. Sections 1104, 1132 and 1145], as amended, and by the Multi Employer Pension Plan Amendments Act of 1980, 94 Stat. 1208, [29 U.S.C. Sections 1104, 1132, 1145 and 1451]. Jurisdiction is further conferred upon this Court pursuant to 28 U.S.C. Section 1331 based upon a federal question. Jurisdiction is further conferred on this Court under 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating commerce. Defendants have availed themselves upon the jurisdiction of this Court by working and doing business within the jurisdiction of this Court and the jurisdiction of Plaintiffs' Collective Bargaining Agreement with Defendants.

## VENUE

3.      Venue properly lies within the Southern District of Texas, Houston Division, pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)]. Service of process may be made on Defendant in any other district in which it may be found pursuant to ERISA Section 502(e)(2), [29 U.S.C. Section 1132(e)(2)].

## PARTIES

4.      **Plaintiff, Trustees of the Texas Iron Workers' Pension Trust Fund,** ("Pension Fund") is the Administrator of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(2) and (3) and 1132(d)(1)]. The Pension Fund is a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Pension

3

Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the Pension Fund is to provide pension benefits to eligible participants on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with the Iron Workers' District Council of the State of Texas and affiliated local unions. The Pension Fund maintains its office and is administered at Zenith Administrators, Inc., 9555 West Sam Houston Parkway South, Suite 400, Houston, Texas 77099.

5.      **Plaintiff, Trustees of the Texas Iron Workers' Health Benefit Fund**, is the Administrator an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Texas Iron Workers' Health Benefit Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)]. The purpose of the Texas Iron Workers' Health Benefit Fund is to provide health and welfare benefits to eligible participants and their dependents on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with the Iron Workers' District Council of the State of Texas and its affiliated local unions. The Texas Iron Workers' Health Benefit Fund maintains its office and is administered at Zenith Administrators, Inc., 9555 West Sam Houston Parkway South, Suite 400, Houston, Texas 77099.

6.      **Plaintiff, Trustees of the Texas Iron Workers' Defined Contribution Retirement Plan,** ("D.C. Plan") is the Administrator of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(2) and (3) and 1132(d)(1)]. The D.C. Plan is a Multi-employer plan within the meaning of

4

Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the D.C. Plan is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the Defined Contribution Retirement Plan is to provide an annuity benefit to eligible participants on whose behalf employer's contribute under the Collective Bargaining Agreements with the Texas Iron Workers' District Council and affiliated local unions. The D.C. Plan maintains its office and is administered at Zenith Administrators, Inc., 9555 West Sam Houston Parkway South, Suite 400, Houston, Texas 77099.

7.       **Plaintiff, Trustees of the Texas Iron Workers' Vacation Fund** ("Vacation Fund"), is the Administrator of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and 3 and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multi employer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Texas Iron Workers' Vacation Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)]. The purpose of the Texas Iron Workers' Vacation Fund is to provide vacation savings benefits to eligible participants and their dependents on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with the Texas Iron Workers' District Council and its affiliated local unions. The Texas Iron Workers' Vacation Fund maintains its office and is administered at Zenith Administrators, Inc., 9555 West Sam Houston Parkway South, Suite 400, Houston, Texas 77099.

8.       **Plaintiff, Trustees of the Texas Iron Workers and Employers Apprenticeship Training and Journeyman Upgrading Fund** ("Apprenticeship Fund"), is the Administrator of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and

5

3 and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multi employer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Apprenticeship Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)]. The purpose of the Texas Iron Workers and Employers Apprenticeship Training and Journeyman Upgrading Fund is to provide apprentice training and upgrading benefits to eligible participants on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with the Texas Iron Workers' District Council and its affiliated local unions. The Texas Iron Workers and Employers Apprenticeship Training and Journeyman Upgrading Fund maintains its office and is administered at 604 North Great Southwest Parkway, Arlington, Texas 76011.

9. **Defendant, James E. Van Meter, Jr., Individually and d/b/a Valentine Steel Services, Inc.,** is an individual residing in Willis, Montgomery County, Texas and doing business within the jurisdiction of Plaintiffs' Funds.

**Defendant, James E. Van Meter, Jr., Individually and d/b/a Valentine Steel Services, Inc.** is an employer within the contemplation of Sections 3(5) and 515 of ERISA, 29 U.S.C. Sections 1002(5) and 1145 and Section 301 of the Act and may be reached for service of process by serving James E. Van Meter, Jr. at 2601 Hillshire, Deer Park, Texas 77536.

**Defendant, James E. Van Meter, Jr.,** as President, director and shareholder of Defendant, **Valentine Steel Services, Inc.,** a small closely held Texas corporation, owed a fiduciary duty to the Plaintiffs' Trust Funds and to the plan participants of Plaintiffs' Trust Funds, including the members of Local 84 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers of the United States and Canada, AFL-CIO, who worked for them, to pay employer

6

contributions to the Plaintiffs' Funds. Defendants are fiduciaries as defined in ERISA Section 3(21)(A) [29 U.S.C. Section1002(21)(A)].

**Defendant, Valentine Steel Services, Inc.**, was, and is now, a for-profit corporation duly organized and existing under the laws of the State of Texas.

**Valentine Steel Services, Inc.** is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and Section 301 of the Act and may be reached for service of process by serving its Registered Agent, James E. Van Meter, Jr. at 2601 Hillshire, Deer Park, Texas 77536.

## FACTS

10.     Defendants executed and delivered to the Iron Workers District Council of the State of Texas a written Adoption Agreement, dated and effective October 31, 2006, to the Standard Form Agreement, a copy of which is attached as Plaintiffs' Exhibit 1. The Standard Form Agreement provides, *inter alia* for wages, benefits and working conditions. It sets forth the obligations of Defendants to comply with the established Plaintiffs' Trust Funds wherein Defendants promised to comply with the terms and conditions as set forth therein. The negotiated contracts between the Plaintiffs' Trust Funds and Defendants provide for certain monetary contributions being paid into the Plaintiffs' Trust Funds and is more specifically set forth in the respective Declarations of Trust and all amendments thereto.

11.     The Trust Funds named herein are express trusts created under a Standard Form Agreement between the Iron Workers District Council of the State of Texas, as Union, and the Texas Iron Workers Employers Association, together with various employers and employer associations in the iron working industry in Texas, New Mexico, Oklahoma and Kansas, as employer. The trusts

7

were created and now exist subject to the provisions of Section 302, LMRA (29 U.S.C. Section 186).

12.     By these agreements, Defendants promised that in the event any of the monthly contributions were not paid when due, Defendants would pay Plaintiffs on account of each delinquency a sum designated as liquidated damages, and not as a penalty.

13.     That by the terms of the Trust Agreements for Plaintiffs Trust Funds and the Collective Bargaining Agreement heretofore mentioned, Defendants became obligated to make payments on the employees covered by the Collective Bargaining Agreement in effect in the area in which they were operating or working by virtue of the agreements and the actions that made each Defendant an alter ego of the other. That Defendants agreed to deposit health benefit and pension contributions each month, or at such regular intervals as may be determined by the Trustees of the Funds to the depository designated by the Trustees.

## FIRST COUNT

## ERISA VIOLATIONS AND BREACH OF CONTRACT

14.     Defendants breached the above-mentioned and referenced agreements by refusing to comply adequately with the terms and provisions of those agreements, by failure to remit monthly employer contributions to Plaintiffs' Trust Funds.

15.     That Defendants breached their agreements with Plaintiffs by failing to make requisite payments of monthly employer contributions to Plaintiffs' Trust Funds, such breach is believed to have occurred beginning in or about October 31, 2006 through January 31, 2007 and continuing through the term of this complaint ("delinquency period"). In order to adequately determine the amount of contributions due and owing Plaintiffs' Trust Funds, an audit of Defendants' wage and payroll records was necessary. That in accordance with the exercise of their fiduciary duties required

8

by federal statutory and state common law, the Trustees requested Defendants to comply with the reporting and payment of employer contributions for the delinquency period in order to ascertain if Defendants' employees are being properly reported and contributions paid in accord with the above-referred agreements. Defendants failed to respond to any requests or demands.

16. That Plaintiffs have no complete and adequate remedy at law to correct the breach of the Collective Bargaining Agreement by Defendant and there is no other adequate method by which Plaintiffs can ascertain whether Defendant is properly and in good faith paying all of those sums of money due to Plaintiffs under the terms of the aforementioned agreements, other than by an audit entry to inspect and copy all relevant compensation records in order to perform a complete audit. Plaintiffs respectfully request this Court enter an Order allowing Plaintiffs to conduct an audit of Defendant's books and records, and any other records necessary for an adequate determination of proper payment, by an auditor to be selected by Plaintiffs.

17. Plaintiffs would further show that demand has been made on Defendants to pay the deficient contributions under the agreements above-referred to, but the Defendants have wholly failed to make such payment and is additionally liable thereunder for continued delinquent employer contributions plus liquidated damages and attorney's fees, as hereinafter alleged.

18. Further, Plaintiffs respectfully request this Court order Defendants to pay to Plaintiffs a sum of money equal to the reasonable fee of the payroll auditor who will be conducting the audit.

19. That under the agreement as referred to herein above and ERISA Section 502 (29 U.S.C. Section 1132), Plaintiffs are additionally entitled to interest at the rate not to exceed twenty percent (20%) per annum of the principal deficient amount from the date the monies were due Plaintiffs and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate

9

of principal and accrued interest upon the date of payment to Plaintiffs.

20.     Plaintiffs are authorized to collect, on behalf of the Local Unions sponsoring each of the Taft-Hartley employee benefit plans, working assessments and supplemental dues. These monetary amounts have been contracted for by and between Defendants and the Texas Iron Workers' Local Unions and have accordingly been deducted from the employees' wages to be paid directly to the administrative manager of Plaintiffs' Funds for distribution to the Local Union. Defendants failed to make payments of working assessments and supplemental dues for the delinquency period and on behalf of the Local Unions, Plaintiffs, request this Court to Order Defendants to pay the working assessments and supplemental dues as requested.

## SECOND COUNT

## BREACH OF FIDUCIARY RESPONSIBILITY

21.     As officer, director and shareholder of Defendant, Valentine Steel Services, Inc., Defendant, James E. Van Meter, Jr., voluntarily entered into the Adoption Agreement to the Standard Form Agreement with the Iron Workers District Council of the State of Texas. As such, Defendant, James E. Van Meter, Jr. obligated each of the Defendants to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis. Defendant, James E. Van Meter, Jr. failed to have Defendant, Valentine Steel Services, Inc. comply with the collective bargaining agreements and Trust Agreements by failing to forward those funds to the Plaintiffs for the delinquency period.

22.     Defendant, James E. Van Meter, Jr. deducted the amounts owed in contributions from the employee paychecks and intermittently forwarded monthly remittance forms calculating the

10

employer's portion of the monies due to the Plaintiffs' Funds, yet failed to remit those amounts to the Plaintiffs' Funds. Upon information and belief, those amounts were deposited into Valentine Steel Services, Inc.'s general accounts and used for purposes other than payment of the employees' benefit contributions.

23.     Defendant, James E. Van Meter, Jr. knew that Defendant, Valentine Steel Services, Inc. entered into the Standard Form Agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs. Defendant, James E. Van Meter, Jr. knew that Valentine Steel Services, Inc. periodically turned these amounts over to the Plaintiffs' Funds.

24.     The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. Section 2510.3-102(a).

25.     Defendant, James E. Van Meter, Jr. is a fiduciary to the Plaintiffs' Funds based on the fact that he commingled plan assets with Valentine Steel Services, Inc.'s general assets and used those funds to pay other creditors. Defendant, James E. Van Meter, Jr. exercised authority or control respecting disposition of plan assets. Thus, Defendant, James E. Van Meter, Jr. is a fiduciary under ERISA Section 3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets." 29 U.S.C. Section 1002(21)(A).

26.     Defendant, James E. Van Meter, Jr. failed to remit contributions to the Plaintiffs on behalf of his and his company's employees.

11

## THIRD COUNT

## CLAIM FOR INJUNCTIVE RELIEF

27.     Defendants, since initial participation in Plaintiffs' Trust Funds, have repeatedly submitted untimely contribution reports, and intermittently paid some contributions due only after numerous demands for payments and threats of litigation have been made by Plaintiffs.

28.     By failing, neglecting or refusing to submit required contributions and reports to Plaintiffs, Defendants violated Section 515 of ERISA [29 U.S.C. Section 1145] as well as the Health Benefit Fund's and Pension Fund's Participation Agreement and Trust Agreement which are enforceable pursuant to Section 502(a)(3) of ERISA [29 U.S.C. Section 1132(a)(3)].

29.     Plaintiffs may be owed additional sums and cannot state with particularity the total amount of contributions due for the delinquency period Defendants failed to submit all reports upon which contributions are based and Plaintiffs will be forced to project those employer contributions based upon sound accounting practices and general fiscal forecasting.

30.     The Health Benefit Fund depends on receipt of current employer contributions and investment income thereon to meet its premium obligations under the Plan. The Health Benefit Fund expected and relied on receipt of contributions from the Defendants in undertaking financial commitments, including the obligation to pay benefits to Defendants' employees and their dependents and other Plan participants and dependents not working for the Defendants but working for other employers within the Plan. The loss of this expected income has caused the Health Benefit Fund irreparable harm in that it has used up reserves, foregone investment income, and otherwise suffered financial distress.

12

31.     The Board of Trustees has been reluctant to cut off the benefits to Defendants' innocent employees who are Plan participants and their dependents, in consideration of the distress such action would cause them and their families, and of the promises of imminent payment by Defendants. However, the Health Benefit Fund can no longer afford to continue providing benefit coverage to Defendants' employees and dependents without receipt of all due contributions and the Board of Trustees will be compelled to terminate benefits if the Court does not grant preliminary relief.

32.     Defendants' actions have caused irreparable harm to its employees and their dependents in that, if the Board of Trustees is compelled to expel Defendants from participation in the Health Benefit Fund and/or withholds eligibility and benefits to Defendants' employees and their dependents, irreparable harm will result in that the employees and their dependents will immediately lose their benefits under the Health Benefit Plan.

33.     Plaintiff Pension Fund depends on receipt of current employer contributions in order to meet or exceed its actuarial evaluations while investing such sums with money managers for the sole and exclusive benefit of the Plan's participants and beneficiaries. Without such contributions, the Plan suffers the loss of principal and accrued interest income that has a direct impact upon the soundness of the Pension Plan. As a defined benefit plan, only strict compliance with the contribution requirements of the employers will enable the Plan to meet its actuarial assumptions to provide the plan participants and their beneficiaries with pension income relied upon over the years of faithful service. The loss of this expected income has caused, and will continue to cause, the Pension Plan irreparable harm.

13

34.     The plan participants of Plaintiff D.C. Plan depend upon receipt of current employer contributions in order maintain their individual accounts for investment in the various investment options provided by the Trustees. Without the employer contributions, the plan participant will not receive all the potential investment income attributed to the hours worked by the participant. The harm done to each affected plan participant may be incalculable based upon the market conditions and lost investment opportunity.

35.     There exists no prompt or adequate remedies at law to redress the violation of ERISA as set forth herein above.

36.     It has been necessary for Plaintiffs to engage the law firm of Sessions Lambert Selwyn, LLP for the purpose of recovering the contributions and damages required by the above-referenced agreements and seeking injunctive relief, and Plaintiffs are entitled to actual attorney's fees in connection therewith. In conformity with Section 502(g)(2) of ERISA (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trust is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages and costs of court and, in accord with the law, Plaintiffs seek and demand payment thereof.

37.     Plaintiffs have performed all conditions precedent on their part to be performed under the terms of the aforementioned agreements.

38.     A true and correct copy of this Original Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

14

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited, in terms of law, to appear and answer herein and upon final hearing hereof, Plaintiffs have judgment of and against Defendants, individually, jointly and severally, as follows:

a.      Plaintiffs recover of and against Defendants, individually, jointly and severally, the full amount due and owing the Texas Iron Workers' Health Benefit Fund, The Texas Iron Workers' Pension Trust Fund, the Texas Iron Workers' Defined Contribution Retirement Plan, the Texas Iron Workers' Vacation Fund, and the Texas Iron Workers and Employers Apprenticeship Training and Journeyman Upgrading Fund;

b.      That Plaintiffs be awarded unpaid supplemental dues and working assessments on behalf of the agencies for which they are empowered to collect these sums;

c.      That Plaintiffs be awarded accrued pre-judgment interest on all contributions at the rate of one and one-half percent (1½%) per month in accordance with ERISA Section 502(g)(2) and contract;

d.      That Plaintiffs be awarded liquidated damages on all employer contributions now due and which accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and the Trusts Agreements, in an amount not to exceed 20% of the contributions due;

e.      That a preliminary injunction be ordered against Defendants requiring submission of all employer contributions and delinquent employer contributions now due to the Texas Iron Workers' Health Benefit Fund, the Texas Iron Workers' Pension Trust Fund, the Texas Iron Workers' Defined Contribution Retirement Plan, the Texas Iron Workers' Vacation Fund, and the Texas Iron Workers and Employers Apprenticeship Training and Journeyman Upgrading Fund immediately;

f.      That an Order permanently enjoining Defendants and their agents, directors, officers, successors and assigns, for so long as they remain obligated to contribute to Plaintiffs Texas Iron Workers' Health Benefit Fund, Texas Iron Workers' Pension Trust Fund, Texas Iron Workers' Defined Contribution Retirement Plan, Texas Iron Workers' Vacation Fund, and the Texas Iron Workers and Employers Apprenticeship Training and Journeyman Upgrading Fund, from failing, refusing or neglecting to submit monthly employer contribution payments and monthly reports in a timely manner;

g.      That Plaintiffs be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

h.      That Plaintiffs be awarded all costs of Court incurred herein; and

i.    That Plaintiffs be awarded such other and further relief as the Court deems just.

Respectfully submitted,

 /s/  Douglas M. Selwyn
Douglas M. Selwyn
S.D. TX No. 507
State Bar No. 18022250
dselwyn@slslaw.net
Lauren M. Williams
S.D. TX No. 596114
State Bar No. 24047114
lwilliams@slslaw.net
1600 Smith Street, Suite 4050
Houston, Texas 77002
Telephone: (713) 650-3850
Facsimile: (713) 650-3851

ATTORNEYS IN CHARGE FOR PLAINTIFFS

OF COUNSEL:
SESSIONS LAMBERT SELWYN, LLP
1600 Smith Street, Suite 4050
Houston, Texas 77002